UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF THE STATE OF WASHINGTON

| | |
|---|---|
| TANVEER CHAWLA, an individual<br><br>Plaintiff,<br><br>v.<br><br><br>WESTERN WASHINGTON UNIVERSITY.,<br>a Washington public university.<br><br>Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES** |

## I.   PARTIES, JURISDICTION AND VENUE

1.1   Plaintiff, Tanveer Chawla, is an individual residing in Whatcom County, Washington, and, at all times relevant to this litigation was an "employee" of Defendant within the meaning of 42 U.S.C. §2000e(f) and RCW 49.60.040(10).

COMPLAINT – Page 1
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

1.2 Defendant Western Washington University ("Western" or "Employer") is a Washington public university doing business in Whatcom County, Washington, and an "employer" within the meaning of 42 U.S.C. §2000e(b) and RCW 49.60.040(11..

1.3 This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331.

1.4 Venue is proper in the United States District Court for the Western District of the State of Washington pursuant to 28 U.S.C. §1391.

1.5 Plaintiff has exhausted the EEOC filing prerequisites to suit under 42 U.S.C. §2000e-5.

1.6 Plaintiff has met the requirements of RCW 4.92.100 and RCW 4.92.110 as a prerequisite to suit.

## II.   FACTUAL ALLEGATIONS

2.1 Mr. Chawla joined the Engineering and Design (then Engineering & Technology) Department at Western Washington University as an Assistant Professor in the Plastics and Composites (PCE) program in September 2013.

2.2 Mr. Chawla is of Indian origin and applied for a H1-B work visa in the Winter of 2014 through Richard Bruce in the International Student & Scholar Services Department.

2.3 During the course of his employment, Mr. Chawla experienced many derogatory and discriminatory remarks both direct and indirect with respect to which the administration continually showcased indifference.

2.4 The first of these was when he applied for his work visa and Cathy Cleveland, a senior secretary responsible for administering the application, remarked that she did not know why the University was hiring people of foreign origin when there were so many Americans out of jobs.

COMPLAINT – Page 2
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

2.5	When Mr. Chawla brought his son and spouse to work for the first time, he was later told by the director of department, Nicole Larson, that she could not stand people with crooked teeth and could barely talk to them.  Both Mr. Chawla's son and spouse had not yet had dental procedures to get their teeth straightened.   When Mr. Chawla attempted to bring attention to the fact that these remarks had racist and xenophobic implications, he was ignored and dismissed by Department Chair Jeffrey Newcomer.

2.6	Mr. Chawla continued to experience discrimination from his employer and would consistently be treated as if he were less qualified or less well-educated in his field than others, with Ms. Larson stating in a performance evaluation that it seemed like he had forgotten the appropriate English units for a measurement rather than S.I. units (used in India).

2.7	Mr. Chawla was initially working with students on projects for Zodiac Aerospace in the Summer of 2014 but was unable to attend a trip for this program in October as a result of a religious observance of the Diwali holiday which conflicted with the trip.

2.8	At the end of the Fall Quarter, students gave presentations from their work with Zodiac.  Mr. Chawla was late to one of these presentations as he had family obligations that morning that required him to drive his wife and son to a cognitive aptitude test.

2.9	After this, he was informed that Ms. Larson and Nicole Hoekstra (then PCE Program Director) did not want him to work with Zodiac anymore.

2.10	This was a large setback to his career and research which made it difficult for him to continue to contribute valuable research to the University.

2.11	The Department's exclusion of him from working with Zodiac was discriminatory on the basis of Mr. Chawla's race or national origin.

COMPLAINT – Page 3
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.12 On or about December 30, 2014, Mr. Chawla was diagnosed with anxiety order and depression by Dr. Ron Battle. The discrimination and harassment that Mr. Chawla had been experiencing had worn down his mental health and resulted in anxiety attacks.

2.13 Mr. Chawla continued to experience discriminatory remarks and language over the next few months, including an occasion on which Ms. Larson said he "was not even a man" in reference to his ethnic background, appearance, and disposition.

2.14 Ms. Larson continued to discriminate against him after he had worked once more for Zodiac in 2017 by making unfounded allegations, in front of Mr. Newcomer, that Zodiac was not happy with his work and he should not be allowed to work for them again. Ms. Larson admitted she had no proof for these allegations.

2.15 Mr. Newcomer told Mr. Chawla to ignore it and move on, but Mr. Chawla still received harsh performance reviews from Ms. Larson.

2.16 Mr. Chawla attempted to introduce mathematics and mechanics into his courses and was told by Ms. Larson that if he wanted to do so, he should do so at another university.

2.17 Eventually Mr. Chawla filed a discrimination report with Western's Equal Employment Office (EEO) which found, in part, that during his performance reviews he was treated differently compared to the white faculty and had his student outcomes weighted more heavily against him.

2.18 Mr. Chawla applied for tenure at the same time as four others of his faculty colleagues, all of them Caucasian and American citizens. Every one of them received tenure and Mr. Chawla was denied tenure.

2.19 As a result of the denial of tenure, Western is separating Mr. Chawla from continued employment.

COMPLAINT – Page 4
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.20    Mr. Chawla's career development, mental health, and personal life have all been severely negatively impacted by the discrimination he has experienced at Western.

2.21    Mr. Chawla has sought to resolve these issues fairly, wishing for his tenure applications to be considered without discriminatory impact but it has become clear from the discriminatory attitude of many faculty members, especially Ms. Larson in the PCE program, that Western has a significant problem with discrimination in its educational facilities.

### III.    FIRST CAUSE OF ACTION
### Race Discrimination
### Title VII of the Civil Rights Act
### 42 U.S.C 2000e-2

3.1    Plaintiff realleges paragraphs 1.1 through 2.20 as though fully set forth herein.

3.2    Defendant's actions and/or omissions constitute a violation of 42 U.S.C. 2000e-2 insofar as Defendants have created a hostile work environment for Mr. Chawla due to his race.

3.3    Defendants' actions and/or omissions constitute a violation of 42 U.S.C. 2000e-2 insofar as Defendants have denied Mr. Chawla tenure and other career opportunities because of his race.

3.4    As a result of Defendants' violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### IV.    SECOND CAUSE OF ACTION
### National Origin Discrimination
### Title VII of the Civil Rights Act
### 42 U.S.C 2000e-2

4.1    Plaintiff realleges paragraphs 1.1 through 3.3 as though fully set forth herein.

3.2    Defendant's actions and/or omissions constitute a violation of 42 U.S.C. 2000e-2 insofar as Defendants have created a hostile work environment for Mr. Chawla due to his national origin.

COMPLAINT – Page 5
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

4.3 Defendants' actions and/or omissions constitute a violation of 42 U.S.C. 2000e-2 insofar as Defendants have denied Mr. Chawla tenure and other career opportunities because of his national origin.

4.4 As a result of Defendants' violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

## V.   THIRD CAUSE OF ACTION
### Retaliation
### Title VII of the Civil Rights Act
### 42 U.S.C 2000e-3

5.1 Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2 Defendant's actions and/or omissions constitute a violation of 42 U.S.C. 2000e-3 including retaliating against Mr. Chawla with respect to the terms of his employment as a result of his attempts to bring forward his complaints of race and national origin discrimination.

5.3 As a result of Defendants' violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

## VI.   FOURTH CAUSE OF ACTION
### Race Discrimination
### Washington Law Against Discrimination
### RCW 49.60.180

6.1 Plaintiff realleges paragraphs 1.1 through 5.3 as though fully set forth herein.

6.2 Defendant's actions and/or omissions constitute a violation of RCW 49.60.180 insofar as Defendants have created a hostile work environment for Mr. Chawla due to his race.

6.3 Defendants' actions and/or omissions constitute a violation of RCW 49.60.180 insofar as Defendants have denied Mr. Chawla tenure and other career opportunities because of his race.

COMPLAINT – Page 6
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

6.4     As a result of Defendants' violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### VII.    FIFTH CAUSE OF ACTION
### National Origin Discrimination
### Washington Law Against Discrimination
### RCW 49.60.180

7.1     Plaintiff realleges paragraphs 1.1 through 6.4 as though fully set forth herein.

7.2     Defendant's actions and/or omissions constitute a violation of RCW 49.60.180 insofar as Defendants have created a hostile work environment for Mr. Chawla due to his national.

7.3     Defendants' actions and/or omissions constitute a violation of RCW 49.60.180 insofar as Defendants have denied Mr. Chawla tenure and other career opportunities because of his national origin.

7.4     As a result of Defendants' violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### VIII.   SIXTH CAUSE OF ACTION
### Retaliation
### Washington Law Against Discrimination
### RCW 49.60.210

8.1     Plaintiff realleges paragraphs 1.1 through 7.4 as though fully set forth herein.

8.2     Defendants' actions and/or omissions constitute violations of RCW 49.60.210, including retaliating against Mr. Chawla with respect to the terms of his employment as a result of his attempts to bring forward his complaints of race and national origin discrimination.

8.3     As a result of Defendants' violation of the law, Plaintiff has been damaged in an amount to be proven at trial.

COMPLAINT – Page 7
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting the following relief:

1. An order finding that Defendants discriminated and/or retaliated against Plaintiff because of his race and national origin and/or because he attempted bring forward complaints against such discrimination in violation of 42 U.S.C 2000e-2, 42 U.S.C 2000e-3, RCW 49.60.180, and/or RCW 49.60.210;

2. An order granting Plaintiff full back pay and benefits and other actual monetary losses in an amount to be proven at trial as a result of the discriminatory and/or retaliatory actions and/or omissions;

3. An order granting Plaintiff front pay and benefits designed to adequately compensate Plaintiff for loss of future wages and other economic losses in an amount to be proven at trial;

4. An order granting Plaintiff an award of damages for all other forms of economic losses and non-economic losses, including without limitation specific damages and general damages for mental anguish, emotional distress, and pain and suffering in an amount to be proven at trial;

5. An order granting Plaintiff his attorney's fees pursuant to 42 U.S.C 2000e-5(g)(2)(B) and/or RCW 49.60.030(2) along with costs incurred in prosecuting this action in an amount to be proven at trial;

COMMPLAINT – Page 8
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

6. Pre-judgment and post-judgment interest under the above referenced statutes; and

7. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 21st day of July, 2020.

VANGUARD LAW, LLC

By: /s/Zachariah Thal
Zachariah Thal, WSBA # 55462
Spencer Nathan Thal, WSBA # 20074
Vanguard Law, LLC
PO Box 939
Poulsbo WA  98370
Phone:  (206) 818-2499
zach@vanguardlawfirm.com
spencer@vanguardlawfirm.com

*Attorneys for Plaintiff*

COMPLAINT – Page 9
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344