UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANVEER CHAWLA,<br><br>        Plaintiff,<br> v.<br><br>WESTERN WASHINGTON UNIVERSITY,<br><br>        Defendant. | No.  2:20-cv-1129-BJR<br><br>ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT WITNESS TESTIMONY OF JOE CARRILLO |

This matter comes before the Court on Plaintiff's Motion in Limine to Exclude the Expert Witness Testimony of Joe Carrillo.  Dkt. No. 23.  Having reviewed the materials submitted by the parties, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.  The reasons for the Court's decision are set forth below.

## I.  Background

This case is an employment discrimination action brought by Plaintiff Tanveer Chawla against Defendant Western Washington University (WWU).  In 2013, Plaintiff began working as an Assistant Professor in WWU's Plastics and Composites Engineering program.  Plaintiff is from India.  In October 2017, Plaintiff filed a complaint with WWU's Equal Opportunity Office alleging that Nicole Larson, the Program Director of Plastics and Composites Engineering and a tenured professor in the program, discriminated against Plaintiff based on his national origin.  Plaintiff's complaint included allegations of discrimination dating back to 2014.  WWU

ORDER - 1

conducted an investigation and found insufficient evidence to conclude that Ms. Larson's behavior constituted illegal discrimination.[1]  Plaintiff was not granted tenure at WWU and is no longer employed by the university.

Plaintiff filed this action on July 21, 2020, bringing federal and state claims of race discrimination, national origin discrimination, and retaliation for complaining of discrimination.

On October 26, 2021, Plaintiff filed the pending motion in limine to exclude the expert witness testimony of Joe Carrillo.  Mr. Carrillo's expert report states that Defendant asked him to "review materials and provide my opinion on a variety of issues related to the allegations raised by the plaintiff," including "whether Western Washington University and its officials followed generally accepted personnel practices in the evaluation of Dr. Chawla and in responding to allegations made by the Plaintiff."  Dkt. No. 24 at 7.  Mr. Carrillo further states that he "was asked to evaluate the actions of Western Washington University and its managers from the perspective of did they act as a reasonable public agency employer."  *Id.*

Mr. Carrillo's expert report offers four numbered opinions.  Dkt. No. 24 at 7-13.  To briefly summarize, his expert report includes the following opinions:

(1) Dr. Chawla failed to correct people when they said something he interpreted as discriminatory and/or he misunderstood, misheard, or misinterpreted the actions of others that led him to make assumptions and reach conclusions based on those inaccurate perceptions.

(2) WWU has policies for responding to allegations of discrimination that are typical of a public employer.  WWU's policies encourage employees to report complaints

---

[1] However, the investigation found that "Ms. Larson's evaluation [of Plaintiff], in its subjectivity, was not consistent with the University's principles of fairness, equity, and equal opportunity, and therefore is not consistent with University Policy 1600.02."  Dkt. No. 26, Ex. B at 44.

ORDER - 2

  promptly and Dr. Chawla failed to timely report the behavior he now describes as discriminatory.

(3) WWU took prompt and responsive action consistent with its policies once Plaintiff filed his allegations of discrimination.

(4) WWU through its Chair of the Engineering Technology Department, Dr. Jeffrey L. Newcomer, repeatedly told Plaintiff what he needed to do to improve his performance and improve his chances of being granted tenure and Plaintiff failed to comply with Dr. Newcomer's direction.

## II.  Discussion

Federal Rule of Evidence (FRE) 702 requires trial courts to ensure that expert testimony is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial courts "have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152. The proponent of an expert's testimony bears the burden of demonstrating that the testimony is admissible. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

FRE 702 provides that "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

ORDER - 3

A. **Testimony that Will Be Excluded**

   **1. First Opinion Offered by Mr. Carrillo**

The Court grants Plaintiff's motion to the extent it seeks to exclude Mr. Carrillo from offering an expert opinion that Plaintiff "failed to correct people when they said something he interpreted as discriminatory and/or misunderstood, misheard, or misinterpreted the actions of others that led him to make assumptions and reach conclusions based on those inaccurate perceptions." Dkt. No. 24 at 8. This is the first opinion that Mr. Carrillo offers in his expert report. As Plaintiff notes, Mr. Carrillo is not qualified to draw conclusions about Plaintiff's mental state. In its response brief, Defendant appears to acknowledge this point, stating:

> Plaintiff argues that Mr. Car[r]illo "has no education, skills or experience that would allow him to draw conclusions about [Plaintiff's] mental state or whether he misunderstood, misheard or misinterpreted certain events." It is true that Mr. Car[r]illo does not have expertise in mental impressions, psychology, or trying to predict the feelings/perceptions of the Plaintiff. He has not been retained to provide opinions on those issues.

Dkt. No. 25 at 8 (internal citation omitted).

   **2. Fourth Opinion Offered by Mr. Carrillo**

The Court also finds that Mr. Carrillo's expert testimony should be excluded to the extent that he might testify that "Western Washington University through its Chair of the Engineering Technology Department, Dr. Jeffrey L. Newcomer[,] repeatedly told Dr. Chawla what he needed to do to improve his performance and improve his chances to receive tenure and Dr. Chawla failed to comply with . . . Dr. Newcomer's direction." Dkt. No. 24 at 11. This was the fourth opinion that Mr. Carrillo offered in his expert report.

As a threshold matter, there is no apparent need for expert testimony on this issue in order to assist the jury in understanding the evidence or to determine a fact in issue. Dr. Newcomer himself should be capable of testifying as to what he told Plaintiff and whether

ORDER - 4

Plaintiff complied with his direction.  In addition, Defendant acknowledges that Mr. Carrillo "is not a tenure expert and was never offered as such." Dkt. No. 25 at 5.  Given Mr. Carrillo's acknowledged lack of expertise on tenure issues, he will not be permitted to offer expert testimony as to whether Plaintiff failed to comply with directions from Dr. Newcomer on what Plaintiff needed to do to improve his performance and his chances to receive tenure.

**B.     Testimony that Will Not Be Excluded**

The Court denies Plaintiff's motion to the extent that he seeks to exclude Mr. Carrillo from offering the second and third opinions expressed his expert report, which include his opinions that:

- WWU has policies for responding to allegations of discrimination that are typical of a public employer.  WWU's policies encourage employees to report complaints promptly and Dr. Chawla failed to timely report the behavior he now describes as discriminatory.

- WWU took prompt and responsive action consistent with its policies once Plaintiff filed his allegations of discrimination.

Dkt. No. 24 at 11.  The Court finds that Mr. Carrillo has sufficient specialized knowledge to be qualified as an expert to offer these opinions.  Although Plaintiff points to a number of potential qualifications that Mr. Carrillo does not possess, Mr. Carrillo has had a broad range of experience in human resources over 37 years, including his current service as the Deputy Director of Human Resources for Pierce County.  His deposition testimony indicates that his experience includes investigation of discrimination claims in public employment settings.  Further, as Defendant notes, Mr. Carrillo has testified as an expert before in other cases.

Mr. Carrillo opinions on these topics are based on sufficient facts and data.  Mr. Carrillo's expert report indicates that he reviewed numerous documents in forming his opinions regarding WWU's policies and its investigation of Plaintiff's discrimination complaint.

ORDER - 5

Furthermore, Mr. Carrillo's opinions on these topics are based on his 30-plus years of experience as a human resources professional. While Mr. Carrillo did not perform a scholarly review of policies that other employers follow in investigating discrimination complaints, the Court must have flexibility when "reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000).

Here, Plaintiff's concerns go more to the weight that should be accorded to Mr. Carrillo's expert opinions on these topics, rather than the admissibility of his testimony. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 596 (1986). Furthermore, the Court is mindful that "[i]n considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." *Hankey*, 203 F.3d at 1168.

Finally, Plaintiff argues that if Mr. Carrillo's testimony is deemed admissible under FRE 702, his testimony should nonetheless be excluded under FRE 403 because the probative value of his testimony would be substantially outweighed by the potential for unfair prejudice. The Court disagrees. Plaintiff argues that "Defendant is essentially asking the jury to abdicate its role to make the factual determinations on the central dispositive issues and defer to the 'expert.'" Dkt. No. 23 at 13. However, concerns that jurors will be unduly deferential to expert testimony arise in any case in which an expert offers testimony, and may be appropriately addressed here through jury instructions.

ORDER - 6

### III. Conclusion

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion in Limine to Exclude Expert Witness Testimony of Joe Carrillo (Dkt. No. 23).

Dated:  December 30, 2021

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge